|                      |              |
|----------------------|--------------|
| Chester W. Weeden    |              |
| vs.                  | No. 70989.   |
| Thomas Michelovitch  |              |

June 9, 1931.

POULIOT, J. This is an action brought by the plaintiff under the statutes to recover from the defendant damages for the conversion of an automobile.

The plaintiff had purchased a Dupont roadster from the defendant for the sum of $400, at which time he paid the defendant $150 in cash, turned in to the defendant a Dodge sedan of the value of $150, leaving $100 in cash to be paid at stipulated periods later on.

The plaintiff complained to the defendant that the car was not as represented and turned the car back to the defendant. The plaintiff testified that when the car was turned back the arrangement was that the defendant was to sell it for plaintiff for $500 and that for so doing he was to get $100 to pay the balance of the original

agreement, another hundred dollars as commission for his work in disposing of the car, and, if he sold it quickly, a further payment of $50 as a bonus; that on different occasions he called upon the defendant, who kept putting him off as to the sale of the car, but who also stated to the plaintiff that he, the defendant, would allow the plaintiff what he owed him toward the purchase of another car; that when the plaintiff attempted to pick out other cars, the defendant always increased the price which had been quoted to the plaintiff by the defendant's salesmen.

The car eventually was sold, the defendant claiming that he had repossessed himself of the car as the plaintiff had not kept up his payments, and that the plaintiff had advised the defendant that he could not meet a $37 payment which became due. But this the plaintiff denies, stating that when he had his conversation with the defendant which resulted in turning over the car to the defendant, that he, the plaintiff, showed the defendant $100 which he then had in his possession for the purposes of indicating that he had the ability to make payments.

The car was sold for $150 at the Dugdale Agency in East Providence to a man named Joseph, who was operating the car when the plaintiff recognized it as the car which he claims had been placed in the defendant's hands for sale. Subsequently Joseph turned the car in for a used Packard, received an allowance on it of $280, and the Packard dealer re-sold it for $225.

The question of liability was one which under the testimony became a question of fact for the jury to decide as to whether or not the defendant repossessed himself of the car under his sales agreement with the plaintiff or whether he took it in for sale for the benefit of the plaintiff, as the plaintiff claims.

There was testimony in the case which could amply support any view that the jury took as to that fact. The defendant's manner of giving his testimony was very unsatisfactory and he gave the impression while on the stand of either trying to conceal the true facts or else to tell a story which would be to his advantage regardless of what the true facts were. One incident may be mentioned to show his eagerness to deny anything that the plaintiff testified to. A Mr. French, who was the owner of the building in which the Dugdale Agency was located in East Providence, had been called to the stand to testify as to the defendant's apparent connection with the Dugdale Agency, the defendant himself testifying that he didn't know French, that he had never seen or met the man, and yet his own witness told of going out to Pawtucket with the defendant and that the defendant, in the presence of French, handed over to Dugdale the money with which to pay the rent.

The defendant himself apparently does not contest very strongly the question of liability, for he did not do so at the time he argued his motion for a new trial, and in his memorandum brief to the Court he states that he relies upon the fourth ground of his motion, that is, that the damages are excessive.

The Court feels that on the testimony presented the plaintiff amply made out his case by a fair preponderance of the evidence insofar as liability is concerned.

The damages awarded were $613.25. The plaintiff had already paid out or turned over to the defendant cash and an automobile to the value of $300; $150 in cash at the time he purchased the Dupont and a Dodge sedan which was valued at $150. The defendant in addition to this $300 also received from Joseph $150 when he sold the car to Joseph through the Dugdale Agency.

The defendant's claim is that the market value of the car at the time it was converted was no more than $150 and that, therefore, the damages are excessive, but we must consider that a very short time elapsed between the time of the sale by the defendant to the plaintiff—the sale price at that time being $400—and the time of the sale to Joseph, so that there could not have been as much of a variation in the market value of the car as defendant would lead us to believe. As a matter of fact, when Joseph first negotiated for the purchase of the Dupont roadster, the defendant quoted a price of $400 to him.

It appears to the Court that the jury used a good deal of sound judgment in arriving at the decision that they did. The plaintiff had laid out $300. The value of the car as indicated by the price quoted to Joseph and the testimony of the expert witnesses was somewhere in the neighborhood of $400. The jury evidently felt that there might have been a small shrinkage in value during the time that plaintiff had the car in his possession, that he had laid out $300 on a car with which he was not satisfied, and, believing the plaintiff's story that the defendant had taken the car for re-sale, figured that the plaintiff's actual damage was in the neighborhood of $300.

The Court can not find that the jury misconceived the problem that it had to decide. Under the evidence the verdict was properly for the plaintiff and the damages assessed are reasonable under the testimony. Therefore, defendant's motion for a new trial is denied.

For plaintiff: Walling & Walling.

For defendant: John H. DiStefano.